United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK C. GOODMAN, et al.,<br>Plaintiffs,<br>v.<br>RENEWAL BY ANDERSEN LLC,<br>Defendant. | Case No. 26-cv-04974-JST<br><br>**ORDER DENYING MOTION FOR JURY TRIAL**<br><br>Re: ECF No. 19 |

Before the Plaintiffs Mark C. Goodman and Patricia S. Goodman's motion for a jury trial. ECF No. 19. The Court will deny the motion.

## I. BACKGROUND

Plaintiffs filed this lawsuit against Defendant Renewal by Andersen LLC ("Andersen") in Marin County Superior Court on April 28, 2026. ECF No. 1-1. Plaintiffs did not include a request for a jury trial in their complaint. The case was removed to this Court on May 26, 2026. ECF No. 1. Andersen filed an answer on June 2, 2026 and an amended answer on June 18, 2026. ECF Nos. 6, 17. Plaintiffs filed a demand for trial by jury on July 13, 2026. ECF No. 18. Plaintiffs then filed a motion for trial by jury on July 19, 2026. ECF No. 19. Andersen opposed the motion on July 20, 2026 and Plaintiffs filed a reply on August 4, 2026. ECF Nos. 20, 21.

## II. JURISDICTION

"The Court has jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

"A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). To properly demand a jury trial, a party may "serv[e] the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading

United States District Court
Northern District of California

directed to the issue is served." Fed. R. Civ. P. 38(b). "Rule 81(c) provides two possible avenues around waiver [of jury trial right] in removal cases." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1063 (9th Cir. 2005). First, "[a] party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal." Fed. R. Civ. P. 81(c). Second, "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." *Id*.. "Where state law requires an express demand for a jury trial and the non-removing party did not demand the jury trial in state court, the party must serve a demand for jury trial within [14] days after service on the party of the notice of filing the petition." *Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am.*, 244 F.R.D. 608, 609 (S.D. Cal. 2007). "Where the defendant does not answer the complaint before removal, the plaintiff may demand a jury trial within [14] days of service of the *answer*." *Id*. at n.1 (citing *Lutz*, 403 F.3d at 1063) (emphasis in original)

Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

## IV. DISCUSSION

The parties' dispute centers on the construction of Rule 81 of the Federal Rules of Civil Procedure. Plaintiffs argue that Rule 81(c)(3)(A) applies because California did not require them to make a jury request *at the time the case was removed*. ECF No. 19 at 6–7. Under California law, a party waives his right to trial by jury "by failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation." Cal. Civ. Proc. C. § 631(f)(4). Plaintiffs are correct that because the case had not yet been set for trial, no jury trial demand was required in the California action at the time of removal.

Andersen responds that Plaintiffs were required to make a request within 14 days of the amended answer being filed because Rule 81(c) applies only when the state court from which the case was removed requires no express demand for a jury trial *at all*. *Id.* (citing *Lutz*, 403 F.3d at

1064). As just stated, California does indeed require a jury demand to perfect a litigant's right to a jury trial.

Andersen's construction of Rule 81 is correct. California district courts addressing this exact issue have concluded that Rule 81(c)(3)(A) does not apply to relieve a party of its obligation to make a jury demand under Rule 38, because California requires an express demand for a jury trial. *See Zepeda-Fernandez v. GEICO Gen. Ins. Co.*, No. C 19-02693 WHA, 2019 WL 9607729, at *2 (N.D. Cal. Dec. 3, 2019) (holding that "California . . . requires an express jury demand and [so] FRCP 81(c)(A) does not apply"); *McDaniel v. Orkin Exterminating Co.*, No. CV 08-1693 ABC (RZX), 2008 WL 11338183, at *2 (C.D. Cal. Sept. 3, 2008) (citations omitted) ("California requires an 'express demand' for a jury trial . . . [When] Plaintiff did not make one prior to removal, she [i]s required to make her demand in [federal] Court within ten days after she was served with notice of the removal."); *Wave House*, 244 F.R.D. 608, 613 (finding that Rule 81(c) did not apply to an untimely jury demand when the case was removed from California state court and the plaintiff had not been required to file a jury request at the time of removal). Accordingly, the Court finds that Plaintiffs' jury demand was not timely.

In the alternative, Plaintiffs request that the court exercise its discretion under Rule 39(b) to grant their request for jury trial. They argue, essentially, that Andersen would suffer no prejudice from the grant of their motion at this stage of the case and "this case does not involve mistake; it involves the applicability of Rule 81, Plaintiffs' strategic decisions and desire for certainty." ECF No. 19 at 8. Andersen responds that the Court should not exercise its discretion because Plaintiffs' untimely jury request was due to inadvertence and neglect. ECF No. 20 at 6–7.

The Ninth Circuit has held that "[t]he district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one." *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983) (*overruled on other grounds by Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990)). "An untimely request for a jury trial must be denied[, however,] unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Here, Plaintiffs contend that their failure to make a timely demand was not inadvertent. They argue, "Plaintiffs believed the defendant had already requested

United States District Court
Northern District of California

a jury trial, because it did so twice in its answers, and believed Rule 81 meant Plaintiffs were not required to file a demand for jury trial at least until the time of trial setting. These were strategic considerations, not mistakes." ECF No. 21 at 7. In sum, they argue that they misunderstood the law. But the case law is clear that "[a] good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand." *Pac. Fisheries*, 239 F.3d at 1003 (footnote omitted); *see Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982) (finding inadvertence when plaintiff mistakenly believed no demand was necessary under Rule 81(c)).

Accordingly, the Court will deny Plaintiffs' motion for jury trial and strike their jury demand.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' motion for a jury trial.

**IT IS SO ORDERED.**

Dated: September 1, 2026

JON S. TIGAR
United States District Judge